389 So.2d 1148 (1980)
The BANK OF NEW ORLEANS & TRUST COMPANY
v.
Michael A. BRULE et al.
No. 11265.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
Rehearing Denied November 17, 1980.
*1149 Robert T. Wakefield, Newman & Drolla, New Orleans, for plaintiff-defendant in reconvention-appellant.
Paul S. Adams, New Orleans, for defendant-plaintiff in reconvention-appellee.
Before REDMANN, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
Plaintiff instituted executory proceedings pursuant to LSA C.C.P. Art. 2632 et seq., to effect the seizure and sale of and enforce its mortgage on an automobile belonging to defendant, Michael A. Brule. It joined as co-defendant Horace J. Thomas who executed the note and signed the mortgage along with defendant Brule. The automobile was sold at public auction and bought by plaintiff. Subsequently plaintiff filed a supplemental petition against Brule and Thomas seeking a deficiency judgment for the balanced owed on the note after credit was given for the proceeds from the sale of the automobile. Defendants denied liability for the deficiency on the ground that plaintiff had failed to serve on them a notice of seizure as required by C.C.P. Art. 2721. Defendant Brule reconvened for damages for plaintiff's wrongful dispossession and tortious conversion of his car on the basis of plaintiff's failure to serve the required notice. From a judgment dismissing plaintiff's main demand and in favor of Brule and Thomas[1] as plaintiffs in reconvention against plaintiff in the sum of $2600.00, plaintiff has appealed.
In this court plaintiff raises these issues: 1) It had the right to rely on the sheriff's return. 2) The sheriff was a necessary party to the reconventional demand. 3) Since Brule and Thomas had actual notice of the seizure they were extended due process and service of the notice was unnecessary. 4) The failure to serve the notice should not deprive plaintiff of compensation against the reconventional demand for the amount it sought as a deficiency judgment. 5) Attorney fees were erroneously awarded on the reconventional demand. 6) General damages awarded on the reconventional demand are excessive.
The notices of seizure, as well as the notice to defendants to appoint an appraiser, were served at 4600 Papina Street in Jefferson Parish. The sheriff's return shows that service of these notices was made on Michael A. Brule at his domicile at that address by leaving the papers in the hands of his son Kevin Thomas, and on Horace Thomas at his domicile at that address, by leaving them in the hands of his brother, Kevin Thomas. The record establishes that Brule and Horace Thomas were both residing at 4212 McCoy Street at the time. Brule was in the hospital at the time and had loaned the automobile to Harold *1150 Thomas who resided at 4512 Papina Street, and neither Brule nor Horace Thomas had ever resided at 4600 Papina Street. Harold Thomas testified that he was home at 4512 Papina Street when the deputy sheriff came and took possession of the car after Thomas removed his personal belongings from it. He stated that he was served with the papers.
The sheriff was required by Art. 2721 to serve defendants with the written notice of seizure and the service made was not proper as personal or domiciliary, C.C.P. Art. 1231. Plaintiff's failure to follow the formality of service of notice prescribed by law prevents it from obtaining a deficiency judgment under the provisions of C.C.P. Art. 2771 et seq. Neff v. Ford Motor Credit Co., 347 So.2d 1228 (La.App. 1st Cir. 1977).
Plaintiff complains about the "harshness of the Neff case but we see good reason for its application here. Under Art. 2771 the creditor may obtain a deficiency judgment "only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723." In this case there was no valid appraisal because the notices to Brule and Thomas to appoint an appraiser were not properly served on them. C.C.P. Art. 2723, R.S. 13:4363. Thus plaintiff had no right to obtain a deficiency judgment against defendants.
Plaintiff's argument that it could rely on the sheriff's return is not persuasive. When the sheriff makes a seizure and serves papers he must, of necessity, get instructions from the seizing creditor so that we must assume that plaintiff supplied the sheriff with the 4600 Papina Street address at which to serve the notices. Nothing in the record suggests otherwise.
As to the contention that the sheriff was a necessary party to the reconventional demand, its objection to nonjoinder of a necessary party should have been raised in a dilatory exception and its failure to do so constituted a waiver of this objection. C.C.P. Art. 926.
In any event, plaintiff's preoccupation with the sheriff's role in this case seems irrelevant. Whatever dereliction was committed by the sheriff might be significant in a dispute between plaintiff and sheriff but it is imputed to plaintiff in its dispute with Brule and Thomas. This is so because the sheriff was acting as plaintiff's agent in his dealings with plaintiff's debtors.
As to plaintiff's argument that service of notice was unnecessary since Brule and Thomas both had actual knowledge of the seizure, this overlooks the established principle that since executory proceeding is a harsh remedy the creditor must follow the letter of the law, and it ignores the point that proper appraisal before judicial sale is a fundamental prerequisite to obtaining a deficiency judgment.
Having concluded that the trial court's dismissal of the main demand was correct we turn to the judgment on the reconventional demand.
At the outset we note that the judgment is in favor of both Michael Brule and Horace Thomas even though the automobile was owned by Brule and he alone filed the reconventional demand. His action was one for the wrongful conversion or dispossession of his property, damages for which he alone and not Thomas was entitled since the plaintiff did not observe the requirements with respect to notice before it seized his automobile. Neff v. Ford Motor Credit Co., supra. Nor is plaintiff entitled to compensation against Brule's claim for the amount it sought to recover as a deficiency judgment. C.C. Art. 2210. Hitt v. Herndon, 166 La. 497, 117 So. 568 (1928).
The trial judge awarded the following damages to both defendants:

Value of property $850.00
Attorney fees 750.00
General Damages 1,000.00
 _________
Total $2,600.00

With respect to attorney fees, defendants were not entitled to recover these as a matter of law. General Motors Acceptance *1151 Corp. v. Myers, 385 So.2d 245 (La. 1980). Plaintiffs' reliance on Hancock Bank v. Alexander, 344 So.2d 21 (La.App. 3rd Cir. 1977) is misplaced. That case grew out of a wrongful seizure based on a writ of sequestration pursuant to C.C.P. Art. 3501 et seq., for which damages are allowable by Art. 3506. Accordingly, the award of attorney fees will be deleted.
Finally, since the judgment was erroneously awarded to both Brule and Thomas and since Brule alone has the legal right to stand in judgment for these damages the same will be reduced by one-half or $425.00 for the value of his property and $500.00 for general damages. The amount of the damages was within the discretion of the trial court.
Accordingly, the judgment on the main demand dismissing plaintiff's suit is affirmed. The judgment on the reconventional demand in favor of Horace J. Thomas is annulled and set aside. The judgment on the reconventional demand in favor of Michael A. Brule is affirmed but amended to the sum of $925.00 with legal interest from date of judicial demand until paid. All costs are assessed against plaintiff, The Bank of New Orleans and Trust Company.
AFFIRMED IN PART, ANNULLED IN PART, AND AMENDED IN PART.
REDMANN, J., dissents in part.
REDMANN, Judge, dissenting in part.
Plaintiff breached no duty towards Brule by seizing his car save the duty to serve him notice of seizure at his home, and the simple lack of home service of notice of seizure caused no damage whatsoever to Brule. Thus the reconventional demand of Brule should be entirely dismissed.
NOTES
[1] As discussed hereafter the judgment in favor of Thomas is null and void.