GAUDIN, Judge.
This is an appeal by plaintiff Commercial Bank and Trust Company from a district court judgment in favor of defendants Byron Marks, Bel Builders, Inc., Ed Rutman and attorney Leonard M. Berins.
The tort suit, alleging an abuse of legal process, is entitled:
“PETITION FOR DAMAGES FOR MALICIOUS PROSECUTION OF CIVIL ACTION VEXATIOUS SUIT, AND TORTIOUS OBSTRUCTION OF LEGAL REMEDIES.”
We agree with the trial judge’s decree; and, for the following reasons, affirm it.
This sequence of events led up to the filing of appellant’s petition in the 24th Judicial District Court:
(1) Mr. Marks and his wife, Darlene, owned a warehouse in Kenner, Louisiana, which was encumbered by a mortgage held by the Commercial Bank.
(2) On June 8, 1979, the warehouse was leased to Bel Builders, Inc., a company owned by Mr. Rutman. Various improvements were subsequently made.
(3) Bel Builders had the option to purchase the warehouse as part of the lease agreement.
(4) Mr. and Mrs. Marks were divorced in April of 1980.
(5) Mr. Marks experienced what the trial judge called “... financial difficulties...” On November 24,1980, a petition for execu-tory process was filed by the bank.
(6) On February 11, 1981, notice of the seizure was served on Mr. Marks at his residence, 4644 Ithaca Street in Metairie, *371 Louisiana; and service was left for Mrs. Marks at the Ithaca Street address even though Mrs. Marks did not reside there and had never resided there.
(7) On March 31,1981, the day before the scheduled sheriff’s sale of the warehouse, Mr. Marks advised his former wife of the insufficiency of service on her.
(8) On the morning of April 1,1981, Mrs. Marks met with Mr. Berins, who was Mr. Rutman’s attorney; and, in representation of Mrs. Marks, Mr. Berins (a) filed a petition, (b) obtained a temporary restraining order without posting bond and (c) stopped the sale.
(9) Mr. Berins withdrew as Mrs. Marks’ attorney.
(10) Mrs. Marks filed for reorganization under Chapter 11 of the Federal Bankruptcy Act, which stayed all proceedings, including a hearing on the bank’s motion to dissolve the temporary restraining order which had been scheduled for April 10, 1981.
In its petition against Mr. Marks and the others, the Commercial Bank contends that the April 1, 1981 pleadings on behalf of Mrs. Marks were actually for the benefit of “interlopers” who had no standing to sue and thereby halt the sheriff’s sale.
Appellant argues that its cause of action is based on the abuse of legal process under the tort article, LSA-C.C. art. 2315, not on malicious prosecution. Clearly, malicious prosecution is not applicable as the necessary elements are missing.
Abuse of process is generally recognized in the common law but the trial judge, in his assigned “Reasons for Judgment,” stated that this theory of recovery "... is not recognized in Louisiana...” Further, the trial judge said:
“Even were the Court to consider recovery under this theory, plaintiff has failed to fulfill one of the required elements, i.e., an act in the use of the process not proper in the regular prosecution of the proceeding.”
As Mrs. Marks had not been properly served as required by LSA-C.C.P. art. 2721, the trial judge reasoned, she had the right to enjoin the sale.
Art. 2721 reads:
“The sheriff shall seize the property affected by the mortgage ... immediately upon receiving the writ of seizure and sale...
“The sheriff shall serve upon the defendant a written notice of the seizure of the property.”
Executory process is a harsh remedy; consequently, Louisiana courts demand strict compliance with Art. 2721 even though the debtor may have actual notice of the seizure. Bank of New Orleans & Trust Co. v. Brule, 389 So.2d 1148 (La.App. 4th Cir.1980).
Considering all facets of this case, we conclude that while the trial judge erred in saying that abuse of process is not recognized in this State, he correctly found that at least one of the two necessary elements of this tort was not present. Abuse of process and its required elements are discussed in Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir.1976), Mini-Togs, Inc. v. Young, 354 So.2d 1389 (La.App. 2nd Cir.1978), Vasseur v. Eunice Superette, Inc., 386 So.2d 692 (La.App. 3rd Cir.1980), and in other cases. The two uniformly acknowledged elements are (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding.
Because Mrs. Marks had not been adequately served, her use of the injunctive process was not irregular. Thus, a tort action for abuse of process cannot lie, notwithstanding the possibility of questionable conduct on the part of one or more of the defendants.
Accordingly, we affirm the judgment in favor of defendants-appellees, with appellant Commercial Bank and Trust Company to pay all costs.
AFFIRMED.