LOBRANO, Judge.
This is an appeal from the granting of a summary judgment in favor of Fireman’s Fund Insurance Company (Fireman’s Fund) against Academy Mortgage Company (Academy).
Linda Pollard wife of/and Philip Cooper, III borrowed money from Academy executing a note and mortgage on June 4, 1985. The debt was secured by a second mortgage on property located at 225-227 Belle-ville Street and a first mortgage on property at 325 Pacific Avenue. The Coopers insured the properties against fire by a policy of insurance with Fireman’s Fund. On July 27, 1986, the property at 225-227 Belleville Street was destroyed by fire. Fireman’s Fund refused payment for the loss.
On November 3,1986, Academy filed suit against Fireman’s Fund seeking the insur- *730 anee proceeds. Fireman’s Fund excepted alleging that Academy had no right or cause of action since they were not a named payee in the policy. Academy opposed the exceptions arguing that, because its agreement with Cooper required that the property be insured, its action against Fireman’s Fund was a suit to reform the insurance contract. The trial court denied the exceptions. Thereafter, the Coopers were added as defendants in that suit.
On November 6, 1986 the Coopers also sued Fireman’s Fund seeking the insurance proceeds. Fireman’s Fund answered alleging that the fire was intentionally set and that the Coopers had received notice of cancellation of the policy. This suit was consolidated with Academy’s claims against Fireman’s Fund.
On October 27, 1987 Academy filed an executory process proceeding against the Coopers and the mortgaged properties. Those properties were seized and sold at judicial sale, with appraisement, on May 12, 1988. The sales price was $10,681.00. The total amount allegedly due was $41,998.96. Prior to the executory proceedings, Academy had previously filed an ordinary proceeding against the Coopers. That suit, however, was dismissed without prejudice on Academy’s own motion.
In the consolidated suits, Fireman’s Fund moved for summary judgment. They asserted that Academy’s action was really a suit to obtain a deficiency of the mortgaged debt, and because Code of Civil Procedure Article 2644 was not adhered to, Academy lost their right to a deficiency judgment. On October 4, 1988 the trial court granted the motion and dismissed Academy’s action against Fireman’s Fund. This is the judgment which is the subject of this appeal.
Academy asserts the trial court erred in holding that it was not entitled to a deficiency judgment.
Fireman’s Fund counters asserting that Code of Civil Procedure Article 2644 prohibits converting an ordinary proceeding into an executory proceeding, hence Academy is precluded from seeking a deficiency judgment. And, because they cannot seek a deficiency, the debt is extinguished to zero and thus they cannot recover any insurance proceeds.[1] In support thereof, they cite Bohn v. Louisiana Farm Bureau Mutual Insurance Company, 482 So.2d 843 (La.App. 2nd Cir.1986), writ denied, 486 So.2d 750 (La.1986).
Thus, the issue for our review is whether Academy is estopped from pursuing a deficiency judgment because it first instituted the proceedings via ordinaria.
The ordinary proceedings were instituted in 1986. Prior to any appearance by the Coopers, Academy by ex parte motion, dismissed those proceedings without prejudice on October 12,1987. See, La.C.C.Pro. Art. 1671. On October 21, 1987 the executory proceedings were filed. In those proceedings no defenses were asserted by the Coopers, nor did they seek an injunction or suspensive appeal. La.C.C.Pro. Art. 2642. The mortgaged property was sold at judicial sale, with appraisal, on May 12, 1988.
Fireman’s Fund argues that Article 2644 prohibits converting an ordinary proceeding into an executory proceeding. That Article states in part: “The plaintiff in an ordinary proceeding may not convert it into an executory proceeding.” Because Academy violated the strict rules of law governing executory process, it is argued that they are prevented from seeking a deficiency judgment. We disagree.
Prior to our Supreme Court’s decision in First Guaranty Bank v. Baton Rouge Petroleum, 529 So.2d 834 (La.1987), on rehearing at 838, a long line of cases held that failure to follow the strict formalities of an executory proceeding prevented the creditor from obtaining a deficiency judgment even though the debtor failed to defend the executory process. In League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), the Court held that improper authentic evidence pre- *731 eluded a deficiency judgment. Bank of New Orleans & Trust Co. v. Brule, 389 So.2d 1148 (La.App. 4th Cir.1980) precluded a deficiency judgment where there was a failure to serve a notice of seizure on the debtor. In Bank of St. Charles v. Great Southern Coach Co., 424 So.2d 462 (La.App. 6th Cir.1982) a deficiency judgment was prevented because of the failure to produce a corporate resolution authorizing the mortgage.
Although the only statutory authority which prevented a deficiency judgment was the failure to obtain an appraisal, the Courts had fashioned numerous other affirmative defenses. The reasoning was based on the strictly enforced requirement of following the formalities prescribed for executory process.
In First Guaranty Bank, supra, however, our Supreme Court expressly overruled League Central Credit Union, supra. The Court held:
“The Code of Civil Procedure and statutes require a creditor seeking to obtain a deficiency judgment to prove only that there is a deficiency due on the debt after the distribution of the proceeds of the judicial sale and that the property was sold under executory proceedings after appraisal in accordance with La.C. C.Pro. Art. 2723. La.C.C.Pro. Art. 2771. The legislated law does not require a creditor to prove that he presented flawless authentic evidence in the executory proceeding in order to obtain a deficiency judgment or grant the debtor a defense to a deficiency judgment based upon the creditor’s failure to do so.”
[[Image here]]
“Moreover, the legislative history of the deficiency judgment act indicates no intention to include within its safeguards a defense based upon improper authentic evidence filed in the executory proceedings.” First Guaranty Bank, supra at 843, 844.
Although the lack of authentic evidence was the asserted defense in First Guaranty Bank, we believe the rationale of that decision is applicable in this case. The Coopers raised no objection to the exec-utory proceedings. We believe the prohibition of Article 2644 would have been a viable defense to the executory proceedings. However, in light of the well reasoned opinion in First Guaranty Bank, we find no basis to recognize a violation of Article 2644 as a defense to a deficiency judgment.
For the above and foregoing reasons, the judgment is reversed and this matter is remanded for further proceedings consistent with the view expressed herein.
REVERSED AND REMANDED.
WILLIAMS, J., concurs with reasons.

. Fireman’s Fund also points out that the reformation issue is not before this Court. That defense is still viable in the trial court if this matter is remanded. They are only arguing Academy's lack of standing to pursue a deficiency judgment.