**FEDERAL SAVINGS & LOAN INSURANCE CORP., Receiver for Sunbelt Federal Bank, F.S.B., Plaintiff–Appellant,**

v.

**TRI–PARISH VENTURES, LTD., et al., Defendants–Appellees.**

No. 88–3435.

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1989.

Claude C. Lightfoot, Jr., Metairie, La., for plaintiff-appellant.

Bruce A. Cranner, John R. Martzell, Jane Ettinger, New Orleans, La., for defendants-appellees.

## On Rehearing

Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Acting *sua sponte*, the court withdraws its opinion issued May 30, 1989, and substitutes the following.

The Federal Savings and Loan Insurance Corporation ("FSLIC") appeals the dismissal of its claim for a deficiency judgment against persons who mortgaged property to its predecessor, contending that the district court erred in concluding that those mortgagors were entitled to notice of seizure and sale as prerequisites to liability under the Louisiana Deficiency Judgment Act. The findings of fact are supported by the record. Perceiving no error of law, we affirm.

## Background

Robert W. Lea, Edward Lea, J. Randall Lea, Elizabeth Lea, and their personal holding company, Bienville Realty, Inc., purchased five Ursuline Street condominiums in New Orleans, Louisiana.[1] In connection with each transaction the Leas executed a promissory note and mortgage in favor of Sunbelt Federal Bank. Each property was then sold to Tri–Parish Enterprises, Inc., which assumed the original mortgage and granted an additional special mortgage to the Leas as protection against its possible default.

In December 1985, Tri–Parish defaulted on all mortgages; no payment whatever was made. Sunbelt, holder of the mortgages, invoked the Louisiana executory process provisions and foreclosed with benefit of appraisal on all properties. The Leas and Bienville Realty were not named as defendants in the foreclosure proceedings, but Sunbelt had the sheriff serve them with the petition for executory process "for information purposes." The Leas and Bienville Realty were not served with notice of seizure and were not advised of their right to appoint an appraiser. Only Tri–Parish was served with the notices. Consequently, neither the Leas nor Bienville Realty participated in the appraisal. At the sheriff's sale Sunbelt acquired the properties.

Sunbelt subsequently became insolvent and the FSLIC was appointed receiver. As such it sought a deficiency judgment against the Leas and Bienville Realty. Bienville Realty and the Leas moved for summary judgment, claiming that they had not been served with notices of the seizure and sale and could not be cast in deficiency judgment. The district court concluded that Louisiana law required service of a notice of seizure and sale on the original mortgagors in order to subject them to a deficiency judgment. The court granted the defendants summary judgment and the FSLIC appeals.

## Analysis

In Louisiana a secured creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale of the mortgaged property, provided the property has been sold under executory process with benefit of appraisal. La.R.S. 13:4106–13:4107; La.C.C.P. arts. 2771, 2723. The rationale of Louisiana's Deficiency Judgment Act is "the strong public policy of protecting a debtor from possible abuse resulting from the judicial sale of his property without notice and without the benefit of proper appraisement." *Ford Motor Credit Co. v. Soileau*, 323 So.2d 221, 224 (La.App.1975).

Most mortgage instruments in Louisiana contain a provision which gives the mortgagee the option to foreclose without benefit of appraisal. When a foreclosure sale of mortgaged property is made without any minimum price requirement, as is the situation when property is sold without benefit of appraisal, the mortgagee may buy the property at a price substantially less than

---

1. The purchases were as follows: October 12, 1984, Robert W. Lea, Unit No. 7; December 7, 1984, Robert W. Lea, Unit No. 9; December 7, 1984, Robert W. Lea and Edward Lea, Unit No. 8; December 21, 1984, Robert W. Lea and Edward Lea, Unit No. 1; and December 21, 1984, Elizabeth Lemoine Lea and J. Randall Lea, Unit No. 6.

its actual market value. Prior to adoption of the Deficiency Judgment Act, a mortgagee could obtain a deficiency judgment for the full "apparent" deficiency, resell or retain the property, and realize a total sum far in excess of the balance due on the mortgage. *See* Comment, Deficiency Judgments in Louisiana, 49 Tul.L.Rev. 1094 (1975).

The Deficiency Judgment Act and Louisiana Code of Civil Procedure, construed together, avoid that unjust result by requiring that the property be sold subject to appraisal, and that the debtor be given an opportunity to participate in that appraisal, as a condition precedent to entry of a deficiency judgment. Participation of the debtor in the appraisal procedure avoids appraisal of the property exclusively by persons appointed by the sheriff and the creditor. The notice to the debtor triggers the debtor's involvement in that process. A valid sale requires that the property be sold for not less than two-thirds of the appraised value, thereby avoiding sale at an artifically low price. La.C.C.P. art. 2336.

Louisiana Code of Civil Procedure article 2721 requires that a copy of the notice of seizure be served upon the defendant in an executory proceeding. This notice has been deemed sufficient to inform the debtor of his right to appoint an appraiser. *Fidelity National Bank v. Pitchford*, 374 So.2d 149 (La.App.1979). Further, the Louisiana statute prescribing the procedure for judicial sales requires that the sheriff serve the debtor and seizing creditor with a written notice directing appointment of appraisers, and that this be accomplished not less than seven days before the sale. La.R.S. 13:4363. If a party fails to appoint an appraiser the sheriff is required to appoint one for him. La.R.S. 13:4364.

■ A creditor who fails to assure that the notice of seizure and the notice for appointment of appraisers are served on the debtor may not thereafter obtain a deficiency judgment against the debtor. *Exchange Nat. Bank v. Spalitta*, 295 So.2d 18 (La.App.1974), *rev'd on other grounds*, 321 So.2d 338 (La.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1494, 47 L.Ed.2d 753 (1976). As the Louisiana Supreme Court stated in *First Guaranty Bank v. Baton Rouge Petroleum Center, Inc.*, 529 So.2d 834, 842 (La.1987), to obtain a deficiency judgment, a creditor must:

1. affirmatively plead and prove the existence of the obligation giving rise to the debt and the grounds of non-performance warranting maintenance of the creditor's action;

2. establish that the property was sold via executory process after appraisal in accordance with the provisions of article 2723 of the Code of Civil Procedure; and

3. demonstrate that the proceeds received in the foreclosure proceeding were insufficient to satisfy the balance then due.

In *League Central Credit Union v. Montgomery*, 251 La. 971, 207 So.2d 762 (1968), Louisiana's highest court had declared that a deficiency judgment could not be obtained if the foreclosure by executory process was not based on authentic evidence. In overruling that decision the *First Guaranty* court said:

> *League Central* and its progeny in effect ... created an affirmative defense to a deficiency judgment action which has nothing to do with whether the property was sold after valid appraisal or whether a just deficiency is due, but rather with whether the mortgagee complied with every jot and tittle as to the form of authentic evidence required in the executory proceeding.

529 So.2d at 839.

■ We recognize that *First Guaranty* directly addressed only the consequences of the lack of authentic evidence in the executory proceeding. But by overruling the *League Central* line of cases the Louisiana Supreme Court clearly signaled that a mortgage debtor must act timely to enjoin an executory proceeding if there are formal or procedural defects in that proceeding, rather than reserve such complaints for the defense to a suit for a deficiency judgment. *See* M. Rubin, Security Devices: The Deficiency Judgment Act, 49 La.L.Rev. 495, 497 (1988).

*First Guaranty* signals more. Throughout the *First Guaranty* opinion there are phrases, admittedly in dicta, which emphasize that sale with appraisal is a prerequisite to a deficiency judgment.[2] While the opinion does not mandate expressly that the debtor be given notice of the appraisal and an opportunity to participate, the failure to accord same deprives the debtor of the protection "against an unjust sacrifice"[3] of his property. The debtor must have the right, not merely the privilege, to participate in the appraisal of the property; actual notice of the seizure is not enough. *See Commercial Bank & Trust Co. v. Marks*, 441 So.2d 369 (La.App.1983).

■ In this case an appraisal was made, but the original debtors were not given notice of that appraisal and were not entitled to participate to ensure that the appraisal used by the sheriff in determining the minimum legal bid reflected the current value of the property. The foreclosing creditor's failure to name the Leas and Bienville Realty in the executory proceeding, or to otherwise assure that the sheriff served them with the notices prescribed by statute, deprived them of a significant right, not a mere procedural nicety.

The FSLIC contends that its failure to serve the Leas and Bienville Realty with notice of seizure and sale of the Ursuline properties, and to name them as defendants in the executory proceeding, is not fatal to its deficiency judgment action. Contending that the notice requirements pertain only to co-owners and not to co-debtors, the FSLIC argues that because the Leas and Bienville executed their purchase and conveyance of the properties simultaneously they retained no ownership interest in the properties. That claim is devoid of merit and requires no comment.

Under Louisiana law, if the original mortgagor has conveyed the property to another it is not mandatory that the original mortgagor be made a party to the foreclosure proceedings, although it is a nigh universal practice to do so.[4] But if the mortgagee wishes to preserve the right to a deficiency judgment against the original mortgagor, we now hold that it is essential that the original mortgagor be made a party to the foreclosure action and be served with the notice of seizure and sale and notice of appraisal. This was not done in the case at bar, therefore no deficiency judgment may be granted.[5]

The judgment of the district court is AFFIRMED.

2. *See, e.g.,* 529 So.2d at 841: "When the property has been sold under the executory proceedings *after appraisal and in accordance with the statutory* provisions governing appraisal, the creditor may obtain a personal judgment against the mortgagor for any deficiency...." (Emphasis added.)

 529 So.2d at 842: "To obtain a deficiency judgment, the creditor ... must *aver and establish by evidence* that the property was sold under the executory proceeding *after appraisal* in accordance with the provisions of article 2723 of the Code of Civil Procedure ..." (Emphasis added.)

 529 So.2d at 842: "[The debtor] may defend by demonstrating the creditor's failure to prove *one* of the aforementioned elements of his case...." (Emphasis added.)

 529 So.2d at 843: "The creditor must prove ... the existence of the obligation, the deficiency due, and the judicial sale under executory proceeding *after appraisal* ...." (Emphasis added.)

3. 529 So.2d at 844.

4. La.C.C.P. art. 2701 provides:

 A mortgage of privilege evidenced by authentic act importing a confession of judgment, affecting property sold by the original debtor or his legal successor to a third person, may be enforced against the property without reference to any sale or alienation to the third person. The executory proceeding may be brought against the original debtor, his surviving spouse in community, heirs, legatees, or legal representative, as the case may be. The third person who then owns and is in possession of the property need not be made a party to the proceeding.

5. Because of this disposition, we need not resolve the other issues raised, including the effect of the release granted by Sunbelt.