579 So.2d 521 (1991)
SAMCO MORTGAGE CORPORATION
v.
Morrill J. ARMSTRONG and Charlene Armstrong.
No. 90-CA-1907.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1991.
Writ Granted June 28, 1991.
Mark S. Goldstein, Howard, Laudumiey, Mann, Reed & Goldstein, New Orleans, for defendants, appellants.
*522 David M. Cohn, Shows, Cohn & Cali, Baton Rouge, for plaintiff, appellee.
Before KLEES, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendants Morrill J. Armstrong and Charlene Armstrong appeal a trial court judgment granting a motion for summary judgment in favor of plaintiff SAMCO Mortgage Corporation. We reverse and grant defendant's motion for summary judgment, dismissing plaintiff's petition for deficiency judgment.
Facts
On January 20, 1989, plaintiff filed a petition for executory process, alleging the defendants' default as of July 1, 1988, on a promissory note and mortgage dated October 31, 1980, secured by a mobile home. On January 23, 1989, the trial court ordered that executory process proceed with benefit of appraisement. A writ of seizure and sale was issued by the Deputy Clerk of Court to the Sheriff of Plaquemines Parish that same day. On April 13, 1989, both defendants were personally served with a notice of seizure and sale and a notice to appoint an appraiser.
On or about April 14, 1989, defendant Charlene Armstrong received a certified letter from plaintiff. The letter was entitled "Notice of Private Sale" and stated, in pertinent part, as follows:
We have accelerated the debt secured by the contract and have repossessed the manufactured home. We will sell the manufactured home at private sale after Ten (10) days from the date of this letter. This is the only notice of sale that you will receive.
(Emphasis added.) The mobile home was sold at a public sale by the Sheriff of Plaquemines Parish on May 24, 1989, following an advertisement of the sale on May 12, 1989, in the Plaquemines Gazette, to plaintiff, the highest bidder, for $7,350.
On August 18, 1989, plaintiff filed a suit for deficiency judgment, claiming the accelerated principal amount of $19,488 minus a credit of $5,944, the net amount realized from the sale, plus interest, attorney's fees, and costs. On October 6, 1989, the defendants answered, alleging that the plaintiff was precluded from seeking a deficiency judgment by the fact that the defendants were improperly notified that the mobile home would be sold at private sale. The defendants claim the receipt of the letter effectively denied them their right to appoint an appraiser, as required for an effective public sale under LSA-R.S. 13:4363.
Plaintiff filed a motion for summary judgment on October 27, 1989, and defendants filed a cross motion for summary judgment on December 7, 1989. The trial court, without reasons, granted plaintiff's motion for summary judgment on June 20, 1990. On June 29, 1990, the trial court issued an amended judgment, correcting an omission from its original judgment concerning the credit from proceeds of the sale.
Motions for Summary Judgment
Under the provisions of La.C.C.P. art. 966, motions for summary judgment may be granted only when "reasonable minds must conclude" that two elements are present: (1) no genuine issues of material fact exist and (2) mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). In the instant case, defendants contest the trial court's granting of the plaintiff's motion for summary judgment, claiming that although no genuine issues of material fact exist, the plaintiff was not entitled to judgment as a matter of law. Additionally, the defendants contest the trial court's denial of their motion for summary judgment, claiming that, given the uncontested facts of the case, they are entitled to judgment as a matter of law.
Certainly there is no controversy concerning the material facts in this case. The parties agree that, during the course of foreclosure proceedings through executory process by plaintiffs against defendants, defendants were served with a writ of seizure and sale and a notice of appraisement on April 13, 1989. Subsequently, defendant *523 Charlene Armstrong received a certified letter from plaintiff entitled "Notice of Private Sale" dated April 14, 1989, notifying defendants that plaintiffs would sell their manufactured home at a private sale after ten days from the date of the letter. The letter stated further that "this is the only notice of sale that you will receive." No corrective notice was ever sent to defendants, but the mobile home was sold at a public sale on May 24, 1989, to plaintiff, the high bidder, for $7,350. Since there are no genuine issues of material fact, the first element for granting a motion for summary judgment is present in this case.
The second element required for granting a motion for summary judgment involves a determination of whether the mover is entitled to judgment as a matter of law. Since we have determined that there are no genuine issues of material fact, the instant case is ripe for summary judgmentthat is, either the plaintiff or the defendants are entitled to judgment as a matter of law. The trial court determined that the law favored judgment for the plaintiff. Our review of that decision involves a two-level analysis. First, we must determine whether the trial court correctly found that the plaintiffs were entitled to judgment as a matter of law. If the plaintiff is not entitled to judgment as a matter of law, then we must proceed to the second level of the analysis and determine whether the defendants are entitled to judgment as a matter of law. Actually, the determination of the answer to both questions is dependent on the answer to one question: Is a creditor entitled to a deficiency judgment when the appraisal process was defective? If the answer is "yes," the plaintiff is entitled to judgment as a matter of law; if "no," the defendants are entitled to judgment as a matter of law.
Entitlement to Deficiency Judgment
LSA-R.S. 13:4363 provides generally that a debtor whose property is being auctioned at a public sale is entitled to be served by the sheriff at least three days prior to the sale with a notice directing the debtor to name an appraiser to value the property. It is well established that before a creditor who has caused the seizure of an obligor's property can be entitled to a deficiency judgment, he must cause that property to be sold at a judicial sale following proper appraisement. LSA-R.S. 13:4106, General Motors Acceptance Corp. v. Smith, 399 So.2d 1285, 1286 (La.App. 4th Cir.1981).
The plaintiff in the instant case unquestionably advised defendant Charlene Armstrong that the mobile home would be sold at a private sale. By issuing the Notice of Private Sale on April 14, 1989, the plaintiff indicated to the defendants that they were not entitled to appoint an appraiser because no public sale would be held. Plaintiff never served written notice on defendants advising them that the Notice of Private Sale was issued in error and should be disregarded and that the executory proceeding would go forward. Thus, the "benefit" of appraisement, with the opportunity for the defendants to appoint their own appraiser, was lost. By issuing the Notice of Private Sale and failing to serve defendants with any subsequent corrective notice, plaintiffs compromised the executory proceeding, nullifying its validity under R.S. 13:4106, which specifically prohibits a deficiency judgment when a sale is made without appraisement.
Executory process is a harsh remedy and one seeking to avail himself of executory process must strictly comply with the letter of statutory requirements for its use. Credithrift of America, Inc., v. Williams, 426 So.2d 339, 341 (La.App.2d Cir.1983). A defect in the statutory appraisal process renders the appraisal invalid, and the case is treated as though there was no appraisal at all. Id. at 342. This Court has listed the following as valid principles to be applied to proceedings under the Deficiency Judgment Act: "(1) The forms of law must be scrupulously followed in foreclosure proceedings" and "(2) When the forms of law are not followed, the Deficiency Judgment Act discharges the principal debtor from any further obligation to the creditor." Colonial Bank v. Pier Five, Inc., 469 So.2d 1029, 1034 (La. App. 4th Cir.), writ denied 475 So.2d 363 (La.1985).
*524 The plaintiff argues that the sale was valid despite the defendants' failure to appoint an appraiser, because the property was appraised by the sheriff. We disagree. This Court has recognized the fundamental nature of notice to appoint an appraiser as mandated by LSA-R.S. 13:4363 in The Bank of New Orleans & Trust Co. v. Brule, 389 So.2d 1148 (La. App. 4th Cir.1980). In that case, the court held that the creditor's improper service of notice on the debtors to appoint an appraiser, notwithstanding the debtors' knowledge of the seizure, made the appraisal obtained invalid under La.C.C.P. art. 2723 and served to bar the creditor from obtaining a deficiency judgment. Id. In response to the creditor's argument that service of notice was unnecessary because the debtor had actual knowledge of the seizure, the court pointed to the "established principle that since executory process is a harsh remedy the creditor must follow the letter of the law" and stated that the argument "ignore[d] the point that proper appraisal before judicial sale is a fundamental prerequisite to obtaining a deficiency judgment." Id. at 1150.
Plaintiff relies heavily on First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La.1987), to support its argument it should not be denied the right to pursue a deficiency judgment under the circumstances in this case. In First Guaranty Bank, the Supreme Court overruled previous Louisiana jurisprudence regarding executory process and the time to raise technical defenses to executory proceedings. Id. First Guaranty Bank stands for the proposition that a debtor cannot raise a nonprejudicial technicality after the executory proceeding as a defense to a deficiency judgment.
However, in the instant case, we are not dealing with a "nonprejudicial technicality." Depriving a debtor of the opportunity to appoint an appraiser prior to a judicial sale pursuant to an executory proceeding is obviously prejudicial to the debtor. The letter sent by the creditor in the instant case misled the debtor into believing that the property would be sold at private sale and that any appointment of an appraiser for a sheriff's sale would be useless because the sheriff's sale would not take place.
Additionally, a careful reading of First Guaranty Bank shows that the Supreme Court has not modified prior jurisprudence with regard to defects in the appraisal process, but states only that defects in the chain of authentic evidence supporting the executory proceeding will not serve as a defense to a deficiency claim after the public sale. Indeed, the absolute requirement that the appraisal be properly conducted is emphasized several times in First Guaranty Bank. Citing La.C.C.P. art. 2771, the courts stated as follows:
When the property has been sold under the executory proceedings after appraisal and in accordance with statutory provisions governing appraisal, the creditor may obtain a personal judgment against the mortgagor for any deficiency remaining after the application of the net proceeds of sale to the secured debt.
529 So.2d at 841. Later in the opinion, in discussing the necessary steps to obtaining a deficiency judgment, the court states that the creditor "must aver and establish by evidence that the property was sold under the executory proceeding after appraisal in accordance with the provision of article 2723 of the Code of Civil Procedure." Id. at 842. The appraisal procedure, including the "procedures for written notices to the debtor and seizing creditor, the appointment of appraisers, the sheriff's appointment of an appraiser if a party neglects to do so, delivery of appraisals, oaths of appraisers, and the form of appraisals" is also discussed in the opinion. Id. The court then concluded that nothing in the "history or expressions" of the Deficiency Judgment Act "indicates an intention to bar a creditor who fully complies with appraisal requirements from obtaining a deficiency judgment simply because of a lack of authentic evidence in the executory proceeding." Id. at 844. (Emphasis added.)
Thus, contrary to the plaintiff's argument, First Guaranty Bank does nothing to diminish the requirement for strict compliance with the appraisal process. In fact, *525 First Guaranty Bank relies on the appraisal process as part of the procedural safeguards provided to debtors. If the lender has complied with these safeguards, it may seek a deficiency; otherwise, it absolutely may not. In First Guaranty Bank, the supreme court simply provided a detailed explanation of its holding that a technical violation of authentic evidence requirements does not bar a creditor's entitlement to a deficiency judgment because such a technical violation really does not serve to prejudice the debtor. Id. at 843. The same principle cannot be applied to a case where the debtor was prejudiced because he was deprived of his right to participate in the appraisal process through a misleading Notice of Private Sale.
Louisiana law clearly expresses the public policy that debtors be protected from possible abuse resulting from the judicial sale of property without notice or proper appraisement by denying the creditor the additional remedy of a deficiency judgment, except where the seized property has been sold with appraisal and according to the formalities required by law. The appraisal process in the instant case was defective and plaintiff does not have a right to proceed with the deficiency claim.
Thus, the answer to the fundamental questionIs a creditor entitled to a deficiency judgment when the appraisal process was defective?is "no." The defendants, and not the plaintiff, are therefore entitled to judgment as a matter of law. The trial court judgment granting the motion for summary judgment in favor of the plaintiff was therefore manifestly erroneous. Additionally, since there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law, the trial court's denial of the defendant's motion for summary judgment was also manifestly erroneous. Both judgments must be reversed.

Conclusion
For the above and foregoing reasons, the judgment of the trial court granting the motion for summary judgment in favor of plaintiff SAMCO Mortgage Corporation and against defendants Morrill J. Armstrong and Charlene Armstrong is reversed. The denial of the motion for summary judgment filed by the defendants is also reversed. The defendants' motion for summary judgment against the plaintiff is hereby granted. All costs of this appeal are assigned to the plaintiff.
REVERSED.