LeBLANC, Judge.
Citizens Savings and Loan Association (Citizens) brought these suits seeking deficiency judgments against William A. Hart, the maker of two promissory notes held by Citizens. The deficiency judgment sought in each case is the balance due on the note after Citizens foreclosed by executory process on property mortgaged by Hart, with the judicial sale of the property preceded by appraisal, and application of the proceeds to each respective note. After ordering the consolidation of these two suits, the trial court rendered summary judgment in favor of Hart dismissing Citizens’ claims for deficiency judgment. In written reasons for judgment, the trial court determined that Citizens was precluded from recovering a deficiency judgment against Hart due to Citizens’ failure to provide Hart, as the original mortgagor, with service of notice of the executory proceedings and service of the seizure and sale of the subject property. However, the trial court subsequently set aside this judgment and ordered a new trial on Citizens’ motion. Thereafter, Citizens filed a motion for summary judgment which was granted by the trial court. A deficiency judgment was awarded in Citizens’ favor in each suit. In oral reasons for judgment, the trial court determined that due process does not require service of the notice of seizure and sale and service of the notice to appoint an appraiser on the original mortgagor for a mortgagee to preserve its right to a deficiency judgment against the original mortgagor. The court also found that due process does not require that the original mortgagor be made a party to the exec-utory proceedings. The trial court concluded the record established that Hart had otherwise received sufficient notice of the executory proceedings although no notices were served on Hart.
We reverse and hold that a mortgagee is not entitled to recover a deficiency judgment against an original mortgagor when he has not been made a party to the executory proceeding and has not received service of notice of demand, notice to appoint an appraiser[1] and notice of seizure.
On December 28, 1973, Hart purchased two units of a Baton Rouge office complex and executed two promissory notes payable to Citizens, each for the purchase price of one unit in the amount of $24,720.00. Each note was secured by a first mortgage on the respective office unit conveyed. On January 22, 1974, Hart conveyed each of these two units to Elmer Gary Ritter, who assumed jointly and solidarily with Hart all of the obligations of Hart under the December 28, 1973 notes and mortgages. Subsequently, Ritter sold the two office units to John Garfield Kinchen, who also assumed all of the obligations imposed on Hart in the December 28, 1973 notes and mortgages. Payments on the note became delinquent during 1988 and eventually, Citizens filed for foreclosure by executory process. Notice of demand for payment, notice to appoint an appraiser and notice of seizure were served on Mr. Kinchen with respect to each note and mortgage. Hart was not served with any of these notices. However, the record establishes that Citizens’ attorney mailed to Mr. Hart on August 4, 1988, copies of two demand letters which had been written to Mr. John G. Kinchen (one for each delinquent note). Other correspondence included in the record establishes that Hart was aware, as of August 15, 1988, that the notes in question were delinquent. The record confirms that Citizens’ attorney also mailed a letter to Hart, dated March 3, 1989, which informed Hart of the date, place and time that the properties in question were scheduled to be sold at sheriff’s sale. The letter also advised of the amount needed to satisfy the writ of seizure and sale in each suit.
The mortgaged properties were offered for public sale, and after advertisement *1216 and appraisal, the properties were sold on March 22, 1989.[2] A deficiency remained on each note after the sales proceeds were applied to the balance due for the principal amount, plus interest, attorneys’ fees and other costs. Accordingly, Citizens converted the executory proceedings into ordinary proceedings for a deficiency judgment, naming Hart as a defendant in each suit.
Hart appeals the trial court’s summary judgment awarding deficiency judgments in favor of Citizens. Hart contends the trial court erred in finding that he received sufficient notice of the foreclosure actions. He claims the trial court erred in allowing Citizens to recover deficiency judgments against him because he was not served with notice of demand for payment, notice to appoint an appraiser and notice of seizure.
Appellee asserts that Louisiana law, as well as federal due process, does not require the original mortgagor to be named as a party in foreclosure proceedings and does not require service of the above-mentioned notices on the original mortgagor. Appellee further contends that due process requirements were met by the notices that were mailed to Hart by Citizens.
La.C.C.P. art. 2639 provides:
Before issuing the writ of seizure and sale, the clerk shall issue a demand upon the defendant for payment of the amount due and all costs of court. This demand shall notify the defendant that, in default of payment within three days of service, exclusive of holidays, a writ of seizure and sale will be issued and the property described in the petition will be seized and sold according to law.
The demand for payment need not be issued if it has been waived by the debtor in the act of mortgage or privilege; and in such event, the clerk shall issue the writ of seizure and sale immediately.
La.C.C.P. art. 2640 sets forth:
Citation is not necessary in an exec-utory proceeding.
The sheriff shall serve upon the defendant the demand for payment provided by Article 2689, unless waived by the debtor as provided therein.
La.C.C.P. art. 2701 states:
A mortgage or privilege evidenced by authentic act importing a confession of judgment, affecting property sold by the original debtor or his legal successor to a third person, may be enforced against the property without reference to any sale or alienation to the third person. The executory proceeding may be brought against the original debtor, his surviving spouse in community, heirs, legatees, or legal representative, as the case may be. The third person who then owns and is in possession of the property need not be made a party to the proceeding.
La.C.C.P. art. 2721 provides, in pertinent part:
A. The sheriff shall seize the property affected by the mortgage, security agreement, or privilege immediately upon receiving the writ of seizure and sale, but not before the expiration of the delay allowed for payment in the demand required by Article 2639, unless this demand has been waived.
B. The sheriff shall serve upon the defendant a written notice of the seizure of the property.
La.C.C.P. art. 2723 states, in pertinent part:
Prior to the sale, the property seized must be appraised in accordance with law, unless appraisal has been waived in the act evidencing the mortgage ... and plaintiff has prayed that the property be sold without appraisal, and the order directing the issuance of the writ of seizure and sale has directed that the property be sold as prayed for.
La.R.S. 13:4106 sets forth, in pertinent part:
A. Unless otherwise provided by law, if a mortgagee or other creditor takes advantage of a waiver of appraisement *1217 of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as otherwise provided by law....
La.R.S. 13:4363 provides, in pertinent part:
A. Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale.
Although La.C.C.P. art. 2701 does not require that a “third person” (e.g. a purchaser who buys property from the original mortgagor) be made a party to the executory proceeding,[3] this statute clearly contemplates that the original mortgagor (or his heirs or legal representative) should be the named defendant in an executory proceeding. Rubin & Carter, Notice of Seizure in Mortgage Foreclosures and Tax Sale Proceedings: The Ramifications of Mennonite, 48 La.L.Rev. 535, 555 (1988).
In the present case, the mortgages evidence that Hart did not waive his right to receive service of demand for payment. Thus, La.C.C.P. arts. 2639 and 2640 establish he was entitled to receive service of notice of demand for payment with respect to each note. The jurisprudence supports a finding that a mortgagee will be precluded from recovering a deficiency judgment against a maker of a note after judicial sale of property where there has been no service of demand for payment on the debtor/mortgagor. Consolidation Loans, Inc. v. Guercio, 200 So.2d 717 (La.App. 1st Cir. 1966) (original decree reversed on rehearing after the record was supplemented with additional evidence); See Bourgeois v. De Soto, 280 So.2d 271 (La.App. 1st Cir.1972), writ denied, 282 So.2d 141 (La.1973).
La.C.C.P. art. 2721 mandates that a written notice of seizure be served upon the defendant in an executory proceeding. The law is clear that a creditor will not be entitled to a deficiency judgment if the debtor is not served with this notice of seizure. First Federal Sav. & Loan v. Burrows, 539 So.2d 685 (La.App. 3d Cir. 1989). If a mortgagee wishes to preserve his right to a deficiency judgment against the original mortgagor, we find that the original mortgagor must be served with the notice of seizure. Federal Sav. & Loan Ins. v. Tri-Parish Ventures, 881 F.2d 181 (5th Cir.1989); See Small Engine Shop, Inc. v. Cascio, 878 F.2d 883, 885 (5th Cir.1989). Actual notice of the seizure is not sufficient to preserve the right to pursue a deficiency judgment. Commercial Bank & Trust Co. v. Marks, 441 So.2d 369 (La.App. 5th Cir.1983); Bank of New Orleans & Trust Co. v. Brule, 389 So.2d 1148 (La.App. 4th Cir.1980).
We also conclude that Hart was entitled to service of notice to appoint an appraiser, based on La.R.S. 13:4363. This statute recognizes the debtor’s right to participate in the appraisal of the property. Also see, Federal Sav. & Loan Ins. v. Tri-Parish Ventures, 881 F.2d at 184.
Although the mortgages granted by Hart authorized sale of the properties by executory process without appraisement, La.R.S. 13:4106 generally precludes a deficiency judgment if property is sold at sheriff’s sale without benefit of appraisal. However, La.R.S. 13:4106 does recognize that there are some exceptions to this general rule. One such exception is La.R.S. *1218 13:4108.1, which provides that, in commercial transactions, a mortgagee has the right to pursue a deficiency judgment when the property has been sold at a judicial sale with or without appraisal.
Appellee urges the application of this statute to the present case and contends that service of notice of appraisal on Hart was therefore not required in order for Citizens to be able to recover deficiency judgments against Hart. However, we find La.R.S. 13:4108.1 is inapplicable to this case. This statute represents a significant change in Louisiana’s deficiency judgment law and does not have retrospective operation. This law is clearly substantive in nature and retrospective application would operate to disturb vested rights of the defendant. First Guar. Bk v. Baton Rouge Petroleum, 529 So.2d 834, 837 (La.1987) (reversed on other grounds on rehearing); Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132 (La.App. 1st Cir.), writ denied, 532 So.2d 150 (La.1988). La.R.S. 13:4108.1 was enacted by Act 489 of 1986 and was not in effect when Hart executed the mortgages in question. Where a statute was not in effect at the time of the contracting, it cannot be retroactively applied to alter the obligations of that contract, even though the act giving rise to the obligation occurs after the effective date of the statute. Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983); Voelkel v. Harrison, 572 So.2d 724 (La.App. 4th Cir.1990), writ denied, 575 So.2d 391 (La.1991).
In the present case, La.R.S. 13:4108.1 cannot be retroactively applied to alter the terms of the mortgage agreements between Hart and Citizens, which were executed in 1973, even though the foreclosure proceedings with the resulting deficiencies did not occur until 1989. At the time the mortgages were executed, the law provided that a mortgagee could not preserve his right to a deficiency unless the seized property was sold with benefit of appraisal. Assuming, but not finding, that the mortgages in question were executed to secure obligations in commercial transactions, the retroactive application of La.R.S. 13:4108.1 to the present case would clearly operate to disturb vested rights of Hart. Thus, we reject the applicability of this statute to the present case.
Based on the above reasons, we find that Citizens is not entitled to recover deficiency judgments against Hart because he was not made a party to the executory proceedings and did not receive service of the notices required by law; notice of demand, notice to appoint an appraiser and notice of seizure. Accordingly, we reverse the judgments of the trial court. All trial and appellate court costs are to be paid by plaintiff-appellee.
REVERSED.

. La.R.S. 13:4108.1, which we find inapplicable to the present case, provides "... if a mortgagee ... holds a mortgage ... which secures an obligation in a commercial transaction, the mortgagee ... may collect from or pursue any debt- or ... for a deficiency judgment on the secured obligation whether or not the mortgagee ... has foreclosed on all or any of the property and sold such property at a judicial, public, or private sale, with or without appraisal, regardless of the minimum bid_”

. The property involved in district court suit number 336,169 was sold for $20,750.00 and the property involved in district court suit number 336,172 was sold for $20,250.00. The appraised value of each property was $18,000.00.

. Although notice of seizure to a third party is not required [see Comment (b) to La.C.C.P. art 2721], the constitutionality of this procedure may be in question under Bonner v. B-W Utilities, Inc., 452 F.Supp. 1295 (W.D.La.1978), and Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).