MILLER, Judge.
Defendant appeals from a deficiency-judgment. Plaintiff GMAC had in 1967 used executory process to seize and sell a Buick automobile upon which it held a chattel mortgage. See LSA-C.C.P. Arts. 2631-2724. Under the same docket number, it has filed the present petition for deficiency judgment seeking $2000 yet due, after deducting the net proceeds of the judicial sale. This action for deficiency judgment is by ordinary proceedings. LSA-C.C.P. Art. 2772.
The principal defense relates to the alleged failure to properly serve the notice of seizure required by law. Under LSA-C.C.P. Art. 2721, “* * * The sheriff shall serve upon the defendant a written notice of the seizure of the property.” This service is mandatory and may not be waived. See Official Revision Comment (b), LSA-C.C.P. Art. 2721.
At trial, defendant Henderson attempted to testify that he had never received any notice at all of the seizure of his automobile. The trial court sustained an objection to testimony of this nature, intended to impeach the sheriff’s return. In so doing, the trial court relied upon LSA-R.S. 13:3471(5) (as amended in 1960). This enactment provides that the return of a serving officer is conclusive unless directly attacked in the proceedings involved; otherwise, it may be attacked only in a direct action “to annul the judgment.”
We pretermit discussion of this basis for the ruling for the reason that defendant’s evidence was inadmissible on other grounds. Defendant did not plead that he was not personally served. When this testimony was offered, objection was promptly made and properly sustained.
In answer to this suit defendant alleged (only insofar as is here applicable) :
“10. Defendant does further show that the following irregularities in plaintiff’s original suit for Executory Process bar its right to a deficiency judgment;
* * * * * *
C. The notice of seizure was not properly served in that it was not served at defendant’s domicile or residence.”
The return of the sheriff showed that on August 28, 1967, the notice of seizure was personally served on defendant “by delivering the same to him in person, in the Parish of Calcasieu about no miles from the Court House of said Parish.”
Since defendant did not allege that he was not personally served with the notice of seizure (as opposed to the Sheriff’s return stating that he was), testimony to this effect was inadmissible and properly excluded.
THIRD-PARTY DEMAND.
Defendant also appeals from the dismissal of his third-party demand against GMAC, the mortgage creditor, and against defendants Taylor and Alcede. The latter had been appointed to appraise the value of the automobile preceding the judicial sale.
The third-party demand is based upon allegations that Taylor and Alcede did not make a fair, lawful, and true appraisal of the automobile. Evidence educed in support of these allegations was that the NADA book value was several hundred dollars more than the $1600 appraisal and that the automobile sold seven months later for $2030 after less than $50 had been spent on reconditioning. Other evidence suggested that the seller had expenses in holding the car in stock and that the car was advertised. The $2030 sale was a retail sale.
No authority is cited holding that even if it be found that the seized automobile had a market value greater than that for which it was appraised, there would be a cause of action against the appraisers for mere misjudgment.
*325 We find no error in the trial court’s finding that.the evidence does not prove any breach of legal duty in making the appraisement. The Judgment of the trial court is affirmed. Costs of this appeal are to be paid by defendant-appellant.
Affirmed.