347 So.2d 1228 (1977)
Miss Minnie NEFF
v.
FORD MOTOR CREDIT COMPANY.
No. 11334.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied July 11, 1977.
*1229 Ralph W. Brewer, Baton Rouge, of counsel for plaintiff Miss Minnie Neff appellee.
G. Michael Pharis, Baton Rouge, of counsel for defendant Ford Motor Credit Co. appellant.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
This is a suit for damages arising from the allegedly wrongful seizure and sale of an automobile owned by the plaintiff-appellee, Minnie Neff. The defendant-appellant, Ford Motor Credit Company (Ford), appeals the judgment of the trial court which awarded the plaintiff $1,450.00, the appraised value of the vehicle.
The issue presented on appeal is whether the failure to serve Ms. Neff with notice of seizure rendered defective the subsequent sale of her property, or whether service upon an attorney appointed to represent her was sufficient.
On June 30, 1975, Ms. Neff purchased a used 1972 Ford automobile from Audubon Ford for a purchase price of $2,584.28, of which $700.00 was paid in cash. The remainder of the purchase price was financed with Ford, and in connection therewith Ms. Neff executed a promissory note payable in twenty-four monthly installments beginning August 14, 1975. Ms. Neff failed to make the payments due on August 14, 1975, and September 14, 1975. Consequently, Ford instituted executory proceedings on September 26, 1975, in Suit No. 185,452 on the docket of the Nineteenth Judicial District Court (said suit being filed in evidence in the instant proceeding as "Exhibit Joint-1"). The subject property was seized on October 3, 1975, pursuant to a writ of seizure and sale, and was sold on October 29, 1975, at a Sheriff's sale.
At the time of the institution of the proceedings by Ford, Ms. Neff was confined in the East Louisiana State Hospital. She was confined from September 16, 1975, until September 29, 1975, pursuant to a Coroner's commitment and was treated for schizophrenia. In Ford's petition for executory process it was requested that an attorney be appointed by the court to represent Ms. Neff in order that service might be made on the attorney appointed. Ford, however, also requested that service be made on the plaintiff at the East Louisiana State Hospital. The court appointed William L. Taylor, an attorney, to represent the plaintiff.
Prior to Ms. Neff's release, at the suggestion of Ford, the vehicle was delivered to its office by Ms. Neff's parents, but without her approval. Notice of the October 3, 1975, seizure was served October 6, 1975, on the court-appointed attorney.
*1230 The trial court herein held that under the provisions of Louisiana Code of Civil Procedure Article 2640, service of a certified copy of the petition upon the plaintiff was not required and, therefore, the seizure was proper. However, the court held that the failure to serve notice of seizure upon the plaintiff pursuant to Louisiana Code of Civil Procedure Article 2721 invalidated the sale and constituted a wrongful conversion of plaintiff's property. The trial court found Louisiana Code of Civil Procedure Article 733 to be inapplicable because Ms. Neff had neither been declared an interdict nor a mental incompetent under the law.
Ford contends that because Ms. Neff was confined in a mental hospital at the time of the institution of the proceedings, she was, therefore, a mental incompetent and under Louisiana Code of Civil Procedure Articles 2641 and 2674(5) could be served with notice of seizure through an attorney appointed by the court to represent her.
In a suit to foreclose by executory process, Louisiana Code of Civil Procedure Article 2674(5) provides:
"The court shall appoint an attorney at law to represent the unrepresented defendant in an executory proceeding under the following circumstances:
* * * * * *
"(5) When the defendant is a minor, or a mental incompetent, who has no legal representative at the time of the institution of the proceeding."
This provision is consistent with Louisiana Code of Civil Procedure Articles 733 and 5091 which provide for court-appointed attorneys to represent mental incompetents made defendants in ordinary actions. When an attorney is appointed to represent a defendant in an executory proceeding pursuant to Article 2674, all service is made upon the attorney. La.-C.C.P. art. 2641.
The question arises, however, as to when a situation permits or requires that an attorney be appointed to represent a mental incompetent. First, there is a question about what constitutes mental incompetency within the meaning of Article 2674(5). Also, there is question concerning what showing a plaintiff in an executory proceeding must make as to the defendant's mental incompetency. Against these considerations, also, is the overriding consideration that executory process is a harsh remedy and due process demands strict compliance with the provisions of law authorizing it. Myrtle Grove Packing Company v. Mones, 226 La. 287, 76 So.2d 305 (1954); General Motors Acceptance Corporation v. Henderson, 228 So.2d 323 (La.App. 3rd Cir. 1969) (Tate, J., concurring).
While mental incompetency is frequently mentioned, Louisiana procedural provisions do not provide a legal definition of a "mental incompetent." See, e. g., La.-C.C.P. arts. 733, 2674, 5091. Our Civil Code defines "[p]ersons of insane mind" and a mental incompetent may be equated with such a person. Louisiana Civil Code Article 31 provides:
"Art. 31. Persons of insane mind are those who do not enjoy the exercise and use of reason, after they have arrived at the age at which they ought, according to nature, to possess it, whether the defect results from nature or accident. This defect disqualifies those who are subject to it, from contracting any species of engagement, or from managing their own estates, which are for this reason placed under the direction of curators."
It appears, therefore, that mental incompetency is a conclusion of fact based upon evidence. See Wilcox v. City of Hammond, 163 La. 489, 112 So. 375 (1927). Louisiana Code of Civil Procedure Article 733 makes it clear that mental incompetency is not commensurate with interdiction in that, in part, it provides:
"* * * If an incompetent has no curator, but is interdicted, or committed to or confined in a mental institution, the action shall be brought against him, but the court shall appoint an attorney at law to represent him."
In a suit for foreclosure under executory process a plaintiff may ask the court to appoint an attorney to represent a mental incompetent under Code of Civil Procedure *1231 Article 2674(5). Evidence "as to the necessity for appointing an attorney at law to represent an unrepresented defendant" need not be in authentic form. However, the facts justifying the appointment of an attorney must be proved at least by a verified petition or affidavit submitted with the petition. La.-C.C.P. art. 2637.
In the case in point, Ford's petition for executory process merely stated:

"8.
"Upon information and belief, plaintiff alleges that defendant can be served at East Louisiana State Hospital, and service is being requested there. Because of the fact that defendant is in that institution, plaintiff requests that an attorney be appointed to represent her with service also to be made upon the attorney." ("Exhibit Joint-1," Suit No. 185,452, entitled "Ford Motor Credit Company vs. Minnie B. Neff")
The petition therein did not allege with specificity that Ms. Neff was mentally incompetent or that she was even committed or confined to the East Louisiana State Hospital. The petition merely alleged that she was "in that institution" and could be served there. The institution is not alleged to be one solely for the treatment of mentally incompetent persons. Obviously, the judge who signed the order for seizure and sale did not feel that Ford had proved the necessity for appointing an attorney, thereby dispensing with the requirement for serving notice of seizure upon Ms. Neff. The order of seizure and sale in Exhibit Joint-1 hereinabove referred to says:
"IT IS ORDERED that a writ of seizure and sale be issued herein forthwith, as prayed for and according to law.
"IT IS FURTHER ORDER[E]D THAT defendant be served by personal service and that Wm. L. Taylor be appointed to represent the defendant who is [institutionalized] at the East Louisiana State Hospital." (Emphasis added)
The appointment of an attorney therein was done out of an abundance of caution in order to protect the rights of the debtor; however, in appointing an attorney to represent Ms. Neff the court did not dispense with the notice requirements of Louisiana Code of Civil Procedure Article 2721. Yet, the instructions for service were not followed.
As correctly pointed out by the trial court in this suit, in executory proceedings it is not necessary that a certified copy of the plaintiff's petition and of the court order rendered thereon be served upon the defendant. Louisiana Code of Civil Procedure Article 2640. The trial court, therefore, held the order issuing the writ of seizure and sale valid and the seizure to be proper because all of the requirements necessary to prove Ford's right to use executory process were met. La.-C.C.P. art. 2635. See Hood Motor Company, Inc. v. Lawrence, 320 So.2d 111 (La.1975). This holding has not been appealed by the plaintiff-appellee. Therefore, we only consider whether the subsequent sale was invalid, giving rise to damages due Ms. Neff.
Louisiana Code of Civil Procedure Article 2721 requires that notice of the seizure be served upon the defendant in an executory proceeding and that such notice cannot be waived. See La.-C.C.P. art. 2721, Comment (b). Notice of seizure in Suit No. 185,452 was served only upon the attorney appointed by the court to represent Ms. Neff. Such service was not legally sufficient in that proper evidence was not presented as to the necessity for the appointment of the attorney. La.-C.C.P. art. 2637. Notice of the seizure was never made upon Ms. Neff as ordered by the judge in his order to issue the writ of seizure and sale. Thus, as held by the trial court herein, the Sheriff's sale of Ms. Neff's vehicle made without notice of seizure constituted a wrongful dispossession of her property by Ford.
We are in accord with the trial court's finding that the sale of Ms. Neff's property without notice of seizure entitled her to the appraised value of the vehicle, or $1,450.00 (although the car was sold to her three months earlier for $2,584.28), because no additional evidence of the value of the *1232 car was introduced. However, the trial court failed to consider Ford's claim raised in its supplemental answer that it is entitled to a "set-off" for the remaining unpaid balance due on the note. The net amount remaining due at the time the executory proceedings were instituted was $2,172.06. The vehicle sold at Sheriff's sale for $966.68, or two-thirds of the appraised value, leaving a principal deficiency of $1,205.38. The attorney's fees and costs of the Sheriff's sale, when added, raises the deficiency to a total of $1,887.39. Ford's claim for a "set-off," or compensation raised by affirmative answer is in reality a reconventional demand for a deficiency judgment. See La.-C.C. arts. 2207-2216; La.-C.C.P. arts. 2771, 2772. However, Ford is not entitled to a deficiency judgment because of its failure to follow the formalities of service of the notice of seizure upon the plaintiff as required by the provisions of executory proceedings. La.-C.C.P. art. 2721; see Hood Motor Company v. Lawrence, supra, on remand, 334 So.2d 460 (La. App. 1st Cir. 1976); Universal C.I.T. Credit Corporation v. Spring, 242 So.2d 73 (La.App. 1st Cir. 1970).
Additionally, the debt which appellant seeks to interpose against the damages awarded is not compensable. La.-C.C. art. 2210(1) provides:
"Compensation takes place, whatever be the causes of either of the debts, except in case:
"1. Of a demand of restitution of a thing of which the owner has been unjustly deprived."
The present suit is for the restitution, or value, of a thing of which Ms. Neff has been unjustly deprived and falls within the exception provided for by this provision of law. It is well settled that a set-off or compensation is not allowable in a suit for tortious or wrongful conversion. See Hitt v. Herndon, 166 La. 497, 117 So. 568 (1928); Ferrara v. Polito, 167 So. 120 (La.App. 1st Cir. 1936); and Tolbird v. Cooper, 136 So.2d 83 (La.App. 3rd Cir. 1961).
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed, at the appellant's costs.
AFFIRMED.