CUTRER, Judge.
This is an appeal from a default judgment of separation.
Homer L. Clark sued hifc wife, Barbara A. Theaux Clark, for separation on the ground of mental cruelty. In addition to the allegations of cruelty, the plaintiff alleged that defendant was mentally ill and had been committed to the Central Louisiana State Hospital at Pineville, Louisiana, on more than one occasion, the last commitment being about five weeks before suit was filed. The sheriff’s return on the citation shows that the defendant was served with process at the Central Louisiana State Hospital[1] on December 26, 1978.
On January 22, 1979, a preliminary default was entered. On January 25, 1979, the default was confirmed and a judgment of legal separation was rendered. The defendant appealed.
The issue presented by this appeal is whether the trial court erred by proceeding to judgment against the defendant without the appointment of an attorney as provided in LSA-C.C.P. Article 733.
The petition of the plaintiff, in addition to allegations of cruelty, contained the following allegations:
“6.
“Defendant stays in a mental state of unreality and shows constant symptoms of paranoia. Specifically, defendant has been afraid to eat or drink things because she thinks people are trying to poison her, and she often believes that people are outside their trailer trying to kill her.
“7.
“Defendant has on two (2) occasions been committed to Central State Hospital for mental treatment, having been com *816 mitted in November of 1977 by her family for a period of three and one-half (3V2) months and again on November 9, 1978, by petitioner for a period of approximately three (3) weeks.
“8.
“Petitioner has been unwilling to accept treatment on a voluntary basis and has shown little signs of improvement.”
These allegations effectively allege that defendant was mentally incompetent. No attorney was appointed by the court to represent the defendant. LSA-C.C.P. Article 733 provides:
“A mental incompetent has no procedural capacity to be sued.
“Except as otherwise provided in Articles 732, 4431 and 4554, the curator appointed by a court of this state is the proper defendant in an action to enforce an obligation against a mental incompetent or an interdict. If an incompetent has no curator, but is interdicted, or committed to or confined in a mental institution, the action shall be brought against him, but the court shall appoint an attorney at law to represent him.”
As we examine the unusual circumstances of this suit, i. e., (1) the defendant’s alleged continuing mental state of unreality or paranoia; (2) alleged commitments to the state institution for the mentally ill; and (3) service on the defendant at Central Louisiana State Hospital, we conclude that an attorney should have been appointed to represent defendant under the provisions of Article 733.
Any judgment rendered against a person who is mentally incompetent is an absolute nullity. LSA-C.C.P. Article 2002.[2] Mental incompetency is a question of fact to be ascertained by evidence. Neff v. Ford Motor Credit Co., 347 So.2d 1228 (La.App.lst Cir. 1977). Article 733 provides a procedure for the determination of mental competency and such procedure must be utilized by the trial court to make this determination when faced with the pleadings and proceedings as contained in this record. We conclude that the default judgment was improperly rendered and the suit must be reversed and remanded.
Pending this appeal, the wife also filed an action of nullity in the trial court seeking to nullify the default judgment. The husband failed to file an answer in that action. The trial court, however, refused to order a preliminary default entered therein on the ground that the appeal from the original judgment divested the trial court of jurisdiction and barred any further action by the trial court in the case. The wife filed a writ of mandamus with this court asking this court to compel the trial court to sign the preliminary default order. This writ was referred to the merits of this appeal.
Having come to the conclusion that the judgment appealed from must be reversed, set aside and the suit remanded, the writ becomes moot and discussion of same is unnecessary.
For the reasons assigned, the judgment of the trial court is reversed and set aside. The case is remanded for trial consistent with the views expressed herein. Costs of this appeal to be paid by plaintiff-appellee.
REVERSED AND REMANDED.

. Central Louisiana State Hospital at Pineville, Louisiana is designated by LSA-R.S. 28:21 as an institution for the mentally ill and inebriate.

. Art. 2002. Annulment for vices of form; time for action.
“A final judgment shall be annulled if it is rendered;
(1) Against an incompetent person not represented as required by law;”