WARD, Judge.
Elmwood Federal Savings & Loan Association sought a deficiency judgment on a loan against Sanco Louisiana, Inc. after foreclosing by executory process on the property mortgaged to secure the loan. In the deficiency judgment action, Elmwood filed a motion for summary judgment. On December 6, 1988 the Trial Court granted the motion, awarding Elmwood $450,222.16 plus interest and attorney fees, subject to a credit for the sale price of the property purchased by Elmwood at the sheriffs sale. On January 4, 1989, the Trial Court, on its own motion, rendered an “amended/corrected judgment,” awarding Elm-wood $937,500.00 plus interest and attorney fees, subject to a credit for the sale price of the property purchased at the sheriffs sale.
Saneo appeals the amended judgment, asserting that the Trial Court erred in amending its earlier judgment to substantively alter the judgment. Also, Sanco argues that the Trial Judge failed to timely grant a new trial. Finally, and alternatively, Sanco contends the Trial Court erred in granting summary judgment to Elmwood. We affirm.
When Elmwood filed its petition for exec-utory process in February 1987, the principal balance due on the promissory note which the mortgage secured was $925,-282.55 plus interest and attorney fees. After appraisal, Elmwood purchased the mortgaged property at the sheriffs sale for $600,000.00. Elmwood’s original petition for deficiency judgment against Sanco requested judgment in the amount of $450,-222.16 plus interest and attorney fees, subject to a credit of $600,000.00. Because $450,222.16 was the principal amount Elm-wood claimed Sanco owed after subtracting the $600,000.00 credit, Elmwood was erroneously asking that Sanco be given credit twice for the amount Elmwood paid at the sheriffs sale. On October 16, 1987, Elm-wood filed an amending and supplemental petition, amending its prayer to request judgment for $937,500.00 plus interest and attorney fees, minus the $600,000.00 credit.
Apparently, when the Trial Judge originally rendered judgment he tracked the language of the prayer in Elmwood’s original petition instead of the amended petition. Then, realizing his error, the Trial Judge rendered judgment in which he granted a motion for a partial new trial on his own motion, finding the original judgment contrary to the law and the evidence, and then amended and/or corrected the earlier summary judgment.
In rendering the amended/corrected judgment, the Trial Court cited La.C.C.P. arts. 1951, 1971 and 1972 which provide:
Art. 1951. Amendment of judgment A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Art. 1971. Granting of new trial
a new trial may .be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
Art. 1972. Peremptory grounds
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
Given the circumstances in this case, we believe the Trial Court, on its own motion, merely amended its earlier judgment to correct what was an error of calculation, which is clearly authorized under La.C.C.P. art. 1951. Obviously, the prayer in the original petition was wrong because it *298 would have allowed Saneo to obtain a second credit for the price Elmwood paid for the property.
The Trial Judge believed that his first judgment contained an error of calculation, and he did not intend to alter the substance of his original judgment. In his amended judgment, the Trial Judge stated:
This matter arises Ex-proprio motu pursuant to Code of Civil Procedure Articles 1951 and 1971 for the partial granting of a new trial to correct a summary judgment rendered herein in favor of the plaintiff on December 6th, 1988.
At the time the summary judgment was rendered by the Court, plaintiffs original prayer was used by the Court in preparation of the judgment instead of plaintiffs prayer as set forth in plaintiffs amended petition and therefore, the summary judgment is contrary to the law and the evidence.
For the reasons set forth herein above and pursuant to Code of Civil Procedure Articles 1951, 1971, and 1972, a motion for new trial is granted and the summary judgment is amended and corrected ...
We find no error in the Trial Court’s amendment of its original judgment to correct an error of calculation.
Sanco’s argument that the Trial Court’s grant of a new trial was untimely is also meritless. Because we find the Trial Court’s action falls within the scope of La.C.C.P. art. 1951, the “granting of a new trial” was superfluous. Therefore, whether the Trial Judge timely granted its own motion for new trial is of no consequence because new trials are granted to consider altering the substance of a judgment, not, as in this case, to correct an error of calculation.
Alternatively, claiming there are genuine issues of material fact still in dispute, Sanco argues that the Trial Court erred in granting summary judgment in favor of Elmwood for a deficiency. Sanco claims that Elmwood is not entitled to summary judgment on the deficiency judgment petition because Elmwood led Sanco to believe that it would take a dation en paiement of the property. Sanco contends that if this agreement existed, then it would not be liable to Elmwood beyond the return of the property. La.C.C. art. 2655 provides:
The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due. (Emphasis added.)
A valid dation therefore would require Elmwood’s consent. However, no evidence of an agreement was presented to the Trial Court to substantiate Sanco’s claim.
In defense of a deficiency judgment suit, “the debtor may assert that an obligation is null, or that it has been modified or extinguished, but in such a case the debtor must prove the facts or acts giving rise to the nullity, modification, or extinction. La.C.C. art. 1831; La.C.Civ.P. art. 1005.” First Guaranty Bank v. Baton Rouge Petroleum, 529 So.2d 834, 842 (La.1988), on rehearing. By failing to prove this defense to the deficiency judgment claim, Sanco’s argument has no merit.
Finally, Sanco asserts that two procedural errors in the executory process preclude Elmwood from pursuing a deficiency judgment. Sanco claims first, that Elm-wood failed to give proper notice of acceleration of its mortgage and second, that it did not receive a demand for payment from the clerk before issuance of the writ of seizure and sale as required by La.C.C.P. art. 2639.
As to the first, Sanco admits that Elm-wood sent notice of acceleration of its mortgage to Sanco, yet it argues that the notice did not contain the information the mortgage mandated it contain. Paragraph 18 of the mortgage states:
Acceleration; Remedies. Except as provided in paragraph 17 hereof, upon Borrower’s breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 *299 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender at Lender’s option may declare all of the sums secured by this mortgage to be immediately due and payable without further demand and may cause the property to be seized and sold under either ordinary or executory process, with or without appraisement, to the highest bidder for cash. (Emphasis added.)
Although the notice did not advise Sanco of its right to reinstate the loan after acceleration or to assert in the foreclosure proceeding the non-existence of a default or any other defense to acceleration and foreclosure, Sanco fails to demonstrate how it was prejudiced. The required information is explicitly set out in the mortgage so that Sanco has no basis to argue that it had no knowledge of its rights. Nowhere does Sanco claim that it wanted to reinstate the loan after acceleration as that procedure is described in detail in paragraph 19 of the mortgage. La.C.C.P. 2642 gives defendants in executory proceedings the right to assert defenses and procedural objections to the proceeding by injunction or by appeal. Overall, we find no merit in Sanco’s argument that it received defective notice.
Sanco’s second alleged procedural defect is that it did not receive a demand for payment required under La.C.C.P. art. 2639. Article 2639 provides:
Before issuing the writ of seizure and sale, the clerk shall issue a demand upon the defendant for payment of the amount due and all costs of court. This demand shall notify the defendant that, in default of payment within three days of service, exclusive of holidays, a writ of seizure and sale will be issued and the property described in the petition will be seized and sold according to law.
The demand for payment need not be issued if it has been waived by the debt- or in the act of mortgage or privilege; and in such event, the clerk shall issue the writ of seizure and sale immediately. (Emphasis added.)
Particularly, Sanco contends that it did not waive this demand for payment in the mortgage. We agree. Contrary to Elm-wood’s argument, the language in the last sentence of Paragraph 18 of the mortgage is insufficient to constitute a waiver contemplated in article 2639.
Nonetheless, we believe that Sanco’s claim that it did not receive notice of demand for payment under art. 2639, like its claim that it received defective notice, is a procedural objection to the executory proceeding which must be asserted in a sus-pensive appeal from the order directing the issuance of the writ of seizure and sale or through an injunction proceeding to arrest the seizure and sale. La.C.C.P. art. 2642. Sanco cannot complain it did not receive demand for payment as a defense in the subsequent deficiency judgment action.
We find this case distinguishable from First Federal Savings and Loan v. Burrows, 539 So.2d 685 (La.App. 3rd Cir.1989), in which the Court determined that defective notice of seizure under La.C.C.P. art. 2721 will preclude a deficiency judgment action. Unlike article 2639’s demand for payment, article 2721 does not allow for a waiver of notice of seizure. Moreover, we believe that the failure to provide proper notice of seizure of one’s property entails constitutional due process concerns which are not present with the waivable article 2639 demand requirement. Overall, San-co’s arguments that certain notice requirements were not fulfilled in the executory process so that summary judgment in a later deficiency proceeding is improper, are meritless.
Accordingly, we find that the Trial Court correctly granted summary judgment in favor of Elmwood for a deficiency judgment *300 against Sanco in the amount of $937,500.00 plus interest and attorney fees, subject to a credit for the sale price of the property purchased at the sheriff’s sale. The judgment is affirmed; all costs of this appeal are assessed to Sanco.
AFFIRMED.