SCHOTT, Chief Judge.
On October 2, 1987 plaintiff, Karl F. Er-mert, III, obtained a judgment for $595,-000.00 against Kenneth Decareaux, his insurer, State Farm Fire & Casualty Company, Nu-Arrow Fence Company, Inc., and its insurer Hartford Accident & Indemnity Company. Long after the judgment became final, on September 10,1990, the trial court amended the judgment to delete State Farm as a judgment debtor. Hartford has appealed. The immediate issue is whether LSA-C.C.P. art. 1951 authorizing the trial court to amend a judgment at any time was applicable in this case. The ultimate issue is whether this court has the authority to correct a final judgment which is unquestionably unjust in that a party was erroneously cast as a debtor in the judgment.
This case began with a hunting accident in November, 1982 in which plaintiff was accidentally shot by Decareaux. The major questions in the original case were 1) whether other hunters who were involved with the parties in leasing the hunting grounds and camp and in planning and providing for this trip and others during the season were liable to plaintiff along with Decareaux, and 2) whether Decar-eaux’s employer, Nu-Arrow, was vicariously liable for his tort. Hartford was Nu-Arrow’s insurer and State Farm was De-careaux’s insurer under a homeowner’s policy. The trial court found that Nu-Arrow was vicariously liable but the fellow hunters were not. This court reversed, finding no basis for Nu-Arrow’s liability, but finding the fellow hunters liable. Ermert v. Hartford Ins. Co., 531 So.2d 506 (La.App. 4th Cir.1988), writ granted 533 So.2d 343, 344. The Supreme Court reversed this court’s judgment and reinstated the judgment of the trial court. Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990).
While the suit was pending in the trial court, on January 27, 1984, the plaintiff settled his claim against State Farm as the insurer of Decareaux for $100,000.00, the policy limits. In the release document plaintiff provided State Farm, as Decar-eaux’s insurer, with a full and unconditional release and reserved his rights against Decareaux and all others. The case was tried in April, 1987 and the judgment was signed on October 2, 1987. Despite State Farm’s release from liability it was cast in judgment as Decareaux’s insurer along with Decareaux, Nu-Arrow, and Hartford for $595,000.00.
Plaintiff took an appeal seeking to reverse the trial court’s finding that the fellow hunters were not liable and to increase the amount of the award. Nu-Arrow and Hartford also appealed seeking a reversal of their liability. State Farm did not take an appeal. Instead, on October 21, 1987, it filed a rule to amend the judgment of October 2. In this rule State Farm suggested that it was a party to the suit in the capacity of insurer for two of the other hunters, but not as Decareaux’s insurer because of its earlier payment of its policy limits. Nonetheless, in the judgment State Farm was cast along with Decareaux as his insurer, but in the paragraph of the judgment which dismissed the suit against a number of insurers who insured some of the hunters, State Farm was not listed even though it insured two of these exonerated hunters. Consequently, State Farm *642 sought to have the judgment amended to switch itself from the paragraph making it liable to plaintiff to the paragraph dismissing claims against it. Although the rule was originally set for November, 1987, it was not taken up until the appellate process had run its course in August, 1990. In the meantime, Hartford filed a petition seeking to enforce contribution against State Farm as its joint and solidary obligor for the amount it paid to plaintiff pursuant to the judgment now finalized by the Supreme Court.
In amending the judgment the trial judge relied upon C.C.P. art. 1951 which provides as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
In the present case State Farm was cast in judgment jointly and solidarily with Hartford for $595,000.00. Under the terms of the judgment Hartford had every right to recover from State Farm half of the $904,000.00 it paid to plaintiff after the Supreme Court decision became final. By the simple expedient of amending the judgment to delete State Farm, the trial court took away Hartford’s right to recover. If this amendment is considered a mere alteration of phraseology under art. 1951(1), it was surely one of substance which precluded application of the article to the situation. Neither did this involve the correction of an error of calculation under part (2) of the article. Consequently, article 1951 does not seem to provide the trial court with the authority to amend the judgment.
In support of its position State Farm relies heavily on Elmwood Federal S & L v. Sanco Louisiana, 557 So.2d 296 (La.App. 4th Cir.1990). In this case the trial court on December 6, 1988 awarded a deficiency judgment to a creditor for $450,-000.00 subject to a credit for the amount for which the property, earlier seized from the defendant, was sold at sheriff’s sale to the plaintiff. On January 4, 1989 the trial court, on its own motion, amended the judgment to $937,500.00 subject to the credit. Defendant appealed claiming the trial court was not authorized to make such a substantial change in the judgment under art. 1951. This court affirmed. The amount of the original claim was $937,-500.00. The property was sold by the sheriff for $600,000.00. The balance was $450,-000.00. Thus, the first judgment extended the same $600,000.00 credit twice to the defendant and technically cast the defendant for a negative amount. Arguably this case supports State Farm’s position because defendant’s position was substantially changed from owing nothing to owing $450,000.00 at a time when a new trial could not be granted and the judgment was final in the trial court. While the case lends support to State Farm’s position, we prefer to decide the case on other grounds.
In this case all parties agree and the record clearly shows that State Farm early in the litigation put up its policy limits of $100,000.00 and was out of the case in its capacity as Decareaux’s insurer. Consequently, the judgment was patently erroneous insofar as it cast State Farm in judgment. The error was to some extent the result of the confusion generated by State Farm’s dual participation in the case because it provided Home Owner’s insurance not only to Decareaux but also to two of the other hunters under other policies. But there are other factors which contributed to the confusion and which serve to militate in favor of State Farm’s position.
The trial court conducted a hearing on the rule to amend the judgment at which the attorneys for the parties testified, including Richard T. Simmons, Jr. who represented State Farm as Decareaux’s insurer; Raymond A. Pelleteri, who filed the rule to amend in behalf of State Farm and continues to represent State Farm in this court; Richard G. Cordes, who represents Nu-Arrow and Hartford; Steven Lozes, who represented Decareaux in the trial court under Hartford’s policy; and Jerald Andry, who represented the plaintiff. From this testimony an explanation for what happened emerges.
*643 When the trial of the case began Cordes learned that State Farm had paid its limits under the Decareaux policy. Even though State Farm would owe nothing further to plaintiff under this policy it still owed De-careaux a defense against his remaining substantial exposure. Consequently Simmons, who had represented State Farm under the policy, attended the first day of trial to represent Decareaux individually at State Farm’s expense. According to Simmons and Lozes, the primary obligation for Decareaux’s defense was now on Hartford, not State Farm, so Simmons absented himself from the trial and left Decareaux’s defense in the capable hands of Lozes. State Farm still had lawyers in the case but they were representing the other hunters. Thus, when the case was submitted to the judge, no one was really concerned with the interests of State Farm as Decareaux’s insurer because it was out of the case directly and its obligation to defend Decar-eaux was being discharged by an attorney employed by Hartford. When the judgment came out six months later everyone seemed to realize it was a mistake but no one took timely action to correct it. There was an attempt to have a stipulation signed by all parties deleting State Farm from the judgment, but this was never accomplished. Simmons testified that Cordes agreed to delete State Farm, but Cordes denied this.
There is enough evidence in the record to show that Hartford was well aware of the fact that the judgment was erroneous from the day it was signed and that State Farm was entitled to have it changed. There is also enough to convince us that State Farm was trying to correct the problem and had reason to believe that it would be corrected when time ran out for it to take appropriate action. It should have filed a motion for a new trial or taken a timely appeal. Either action would have brought about the change in the judgment deleting it from among the judgment debtors. It failed to take such action because of confusion among the attorneys and some naivete on the part of its own attorney who failed to recognize the necessity of taking appropriate formal action to protect its interests instead of relying on telephone calls with Hartford’s attorney. Consequently, State Farm finds itself in a trap.
Hartford takes the position that it has a final judgment which was not susceptible to amendment by the trial court under art. 1951. It would have this court award a judgment against State Farm for $450,-000.00 even though there is no legal or moral basis for the judgment and only because State Farm failed to take the proper technical action to change the judgment which Hartford and everyone else knew was wrong.
This court will not be a party to such an abuse of the judicial process. The circumstances of this case are unique and demand a fair and equitable resolution. This court is obliged to render any judgment which is just, legal, and proper upon the record on appeal. C.C.P. art. 2164. To reverse the judgment as Hartford requests would constitute a subversion of art. 2164’s mandate. In the interests of equity, justice and fairness we are compelled to affirm the judgment.
AFFIRMED.