JiSCHOTT, Chief Judge.
Plaintiff has appealed from the trial court’s judgment granting a motion filed by Louisiana Insurance Guaranty Association (LIGA) and maintaining a previous consent judgment dismissing plaintiff’s suit against LIGA. The issue is whether the previous judgment, although final and no longer appealable, can be amended in order to prevent an injustice where the form of that previous judgment was erroneous and not intended by the parties. We hold that it can, we reverse the judgment of the trial court, and we remand the case for further proceedings.
This case arose out of an automobile accident. Plaintiff sued the adverse driver, Easterling, his liability insurer, Automotive, and plaintiffs uninsured — underinsured motorist (UM) insurer, Pelican. At some points during the progress of the lawsuit both Automotive and Pelican became insolvent and their places were taken by LIGA. Consequently, LIGA’s participation was in a dual capacity, insuring two different individuals with separate and conflicting interests, and being represented by separate counsel. In order to distinguish these two roles played by LIGA we will refer to them as LIGA-Automotive and LIGA-Peliean.
Plaintiff negotiated a settlement with LIGA-Automotive. On February | z22, 1995, plaintiff had the court sign a motion and order of dismissal which was as follows:
NOW INTO COURT, through undersigned counsel, comes Plaintiff, Gary Alston, and suggests to the Court that all matters of controversy have been compromised and settled, and moves that the above entitled and numbered proceeding be dismissed with prejudice, at Plaintiffs cost, any court costs due by any party to be deducted from Plaintiffs deposit:
IT IS ORDERED, that the above entitled and numbered proceeding be and the same is hereby dismissed with prejudice, at Plaintiffs cost, any court costs due by an party to be deducted from Plaintiffs deposit.
On October 11, 1995, plaintiff filed an ex parte motion to amend the judgment of dismissal. He suggested to the court that his motion to dismiss should have been called a partial motion and order dismissing only his claim against LIGA-Automotive but reserving his right to proceed against LIGA-Peli-ean. The trial court signed an order to this effect.
On November 27,1995, LIGA-Peliean filed a rule to vacate this ex parte order. Its counsel alleged that on November 6 he received a notice from the court for a pretrial hearing and he was confused as to why he got this notice in a case which had been dismissed with prejudice nine months earlier. He called plaintiffs counsel who informed him about the ex parte motion and order secured by plaintiff modifying the February judgment. After a hearing on January 5, 1996, the trial court signed a judgment vacating the October 11, 1995, judgment and decreeing that the February 22,1995, judgment dismissing plaintiffs entire case remained effective. From the January, 1996 judgment plaintiff has appealed.
*1038 LIGA stipulated with plaintiff that in its capacity as Pelican’s successor it was not part of the compromise and settlement entered into by LIGA | gAutomotive, it was not involved in any negotiations or bargaining with plaintiff which resulted in the compromise and release, and it paid no consideration to plaintiff to be dismissed from the suit.
In this court plaintiff argues that fundamental principles of justice and fairness dictate that the February judgment be modified in order to avoid a result which no one, including LIGA, intended and to prevent LIGA from reaping an unearned, undeserved, and unintended windfall. LIGA argues that the February judgment cannot be modified under the provisions of LSA-C.C.P. art. 1951; it was a final judgment of dismissal with prejudice under art. 1673; and it has taken the quality of res judicata because the time fixed by law for appealing elapsed pursuant to C.C. art. 3506(31).
Much of what LIGA has to say has merit. C.C.P. art. 1951, which authorizes amendment of a judgment to correct phraseology of a judgment, but not the substance, or to correct errors of calculation, has no application to this case. The February judgment dismissed plaintiffs entire suit with prejudice. This clearly included all defendants including LIGA as Pelican’s successor. To amend the judgment in order to restore plaintiffs suit against LIGA-Pelican would constitute an amendment of substance.
On the other hand LIGA acknowledges that no one, not the plaintiff and not LIGA, intended to compromise the claim against LIGA-Pelican when the February judgment was signed. It admits it was not a party to the settlement in the capacity of LIGA-Peli-can.
Plaintiff created his own problem by having the court sign a judgment which was not only inartfully drawn, but also went far beyond what plaintiff intended. It is important to note that this judgment was signed only by plaintiffs counsel along with the judge. It was not signed by an attorney representing LIGA in any capacity. Consequently, the judgment was clearly ¡¿intended to finalize plaintiffs suit against LIGA as successor to Automotive. The only error, which proved to be a grievous one, was plaintiffs failure to reserve his rights against LIGA-Pelican, even though everyone involved knew this was his intention. We return to the question of whether that grievous error can be seized upon by LIGA-Pelican as fatal to plaintiffs claim against it.
In Ermert v. Hartford Ins. Co., 585 So.2d 640 (La.App. 4 Cir.1991), writ denied, 589 So.2d 2 (La.1991) this court was faced with a similar problem. Hartford tried to take advantage of State Farm which failed to take appropriate and timely action to change a judgment which Hartford and everyone else knew was wrong. We held that the circumstances of that case were unique and demanded a fair and equitable resolution. We found the authority to provide that resolution in C.C.P. art. 2164 which authorizes the appellate court to render any judgment which is just, legal, and proper upon the record on appeal. The same rationale and result apply in this ease. Fairness and justice dictate that plaintiff be permitted to pursue his claim against LIGA-Pelican.
Accordingly, the judgment appealed from is reversed and set aside and the judgment of February 22, 1995, dismissing plaintiffs suit with prejudice, is construed to reserve his rights to continue his suit against LIGA as successor to Pelican Insurance Company. The ease is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.